UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAN M. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 2504 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| ERNEST OGBEIDE, L.P.N. | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The Court grants Defendant's motion to dismiss [23]. The Court dismisses Plaintiff's complaint without prejudice. Plaintiff should file an amended complaint by October 30, 2023, if he chooses to do so. See Statement.

**STATEMENT**

Plaintiff Dan White, a pretrial detainee at the Will County Adult Detention Facility ("WCADF"), brings this civil rights action again Defendant Ernest Ogbeide pursuant to 42 U.S.C. § 1983. White alleges that on March 17, 2022, he spoke with Ogbeide about an adverse side effect that he experienced from escitalopram (commonly known as "Lexapro"), one of his medications. White explained that Lexapro affected his sex drive and that he wanted a substitute medication that would not cause any side effects, including drowsiness, decreased sex drive, or suicidal thoughts. Ogbeide suggested a medication commonly known as Celexa, which he allegedly represented would not cause the aforementioned side effects. White took the new medication at night for between four and seven days and each time, he fell asleep shortly after ingesting the dose. White spoke with a nurse who informed him that he was receiving "Rimron" (hereinafter "Remeron," the common name for mirtazapine), and not Celexa. Upon learning this information, White requested a behavior health visit and within a few days, a woman came to see him. White explained his situation and side effects, including that Remeron made him fall asleep almost immediately after taking it and that he started to notice drastic hair loss when he showered. The woman confirmed that Remeron could cause drowsiness, and that depending on White's other medications, it could also cause hair loss.

On March 29, 2022, White met with Ogbeide to confront him about his displeasure with Remeron. White alleges that he asked Ogbeide whether Remeron caused hair loss, whether it reacted badly with the other medications that White took, and whether Ogbeide switched White's prescription to Remeron without White's knowledge or consent. Ogbeide had no response to White's questions. White alleges that Ogbeide intentionally, and without White's consent or knowledge, prescribed him Remeron. He further alleges that he has suffered hair loss because of Ogbeide's malpractice, his failure to check drug interactions, and his failure to obtain proper

authorization from White to change his medication. Ogbeide moves to dismiss White's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court conducted a preliminary screening of White's complaint pursuant to 28 U.S.C. § 1915A on September 26, 2022. Doc. 6. Although the Court dismissed White's claims against the WCADF, its Medical Director Jennifer Briscoe, and the Wellpath Medical Insurance Group, it found that White sufficiently pleaded a claim against Ogbeide for violation of White's Fourteenth Amendment right to adequate medical care. *Id.* at 3. In his response to Ogbeide's motion to dismiss, White argues only that the Court already ruled that White properly stated a claim under § 1915A and that Ogbeide failed to explain why the Court should reconsider its ruling. The Court does not find that its ruling under § 1915A precludes its consideration of Ogbeide's motion to dismiss under Rule 12(b)(6). *See Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 800 (N.D. Ill. 2014) (concluding that "[c]ourts that have addressed the question of whether a complaint can be dismissed after it survives § 1915A screening have, almost invariably, answered yes" and reasoning that "under 28 U.S.C. § 1915(e)(2), a court may dismiss a case 'at any time' if it determines the complaint fails to state a claim" and so "the statute . . . does not freeze in amber an initial screening determination; nor should it given the insular nature of that review, which is at odds with our adversarial system of justice"); *James v. Perez*, No. 2:08-CV-01857-RRC, 2012 WL 5387676, at *2 (E.D. Cal. Nov. 1, 2012) (disagreeing with the plaintiff that "its screening order precludes [defendants] from now challenging the complaint under Rule 12(b)(6)" because "[t]o adopt [the plaintiff's] position would deprive Defendants of the basic procedural right to challenge the sufficiency of the pleadings"). *But see Williams v. Luking*, No. 3:21-CV-00448-GCS, 2022 WL 1692430, at *3–4 (S.D. Ill. May 26, 2022) (concluding that a "§ 1915A screening does foreclose a motion to dismiss pursuant to Rule 12(b)(6) as a successive and *de novo* review of the legal sufficiency of a complaint after an initial screening has been conducted" because to hold otherwise "when the plaintiff has not amended the complaint[] undermines the purpose of the screening"); *Chavez v. Yates*, No. 1:09-CV-01080-AWI, 2013 WL 5519594, at *2 (E.D. Cal. Oct. 3, 2013) ("Rule 12(b)(6) motions which fail to acknowledge the prior procedural history and screening orders and which fail to articulate the reasons for the motions in light of the prior relevant orders implicate the law of the case doctrine, unnecessarily multiply the proceedings, and fall well below the level of practice which is expected in federal court."), *report & recommendation adopted*, No. 1:09-CV-1080-AWI, 2013 WL 5883670 (E.D. Cal. Oct. 30, 2013). This is particularly so where, as here, White has obtained counsel and so the Court does not evaluate the complaint with the same liberal standard accorded to *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

Ogbeide contends that White has failed to state a claim for inadequate medical care under the Fourteenth Amendment. Because the parties have dealt only with this claim—with White not substantively addressing any of his potential claims in his response brief—the Court does the same. The Court agrees with Ogbeide that White's complaint fails to state a claim for inadequate medical care under the Fourteenth Amendment. To state a claim for inadequate medical care, the plaintiff must show "that the . . . defendant[] acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the

plaintiff's] case" and that the challenged conduct was objectively unreasonable.[1] *Williams v. Ortiz*, 937 F.3d 936, 942–43 (7th Cir. 2019) (citing *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (internal quotation marks omitted)). For the first showing, neither negligence nor gross negligence suffices. *Id.* For the second, courts consider whether the plaintiff "suffered from an objectively serious medical condition and . . . whether the medical staff's response to it was objectively unreasonable." *Id.*

Here, White states in conclusory fashion that Ogbeide "intentionally" gave him an incorrect prescription, but he has pleaded no facts to make this claim plausible. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (explaining that in ruling on a motion to dismiss, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and that the "[f]actual allegations must be enough to raise a right to relief above the speculative level" (alteration in original) (citations omitted) (internal quotation marks omitted)); *Unroe v. Armor Corr. Health Servs., Inc.*, No. 20 CV 0597, 2023 WL 4421804, at *4 (N.D. Ill. July 10, 2023) (characterizing as "conclusory" plaintiff's allegation that the decision of defendants not to notify him of his scheduled surgery "was an affirmative decision that was knowing"); *cf. Dubose v. Hallinan*, No. 19-CV-8255, 2021 WL 492873, at *5 (N.D. Ill. Feb. 10, 2021) (plaintiff sufficiently pleaded defendant's purposeful, knowing, or reckless conduct when he claimed that the defendant permitted non-physicians to falsify medical records to hide an allegedly unconstitutional practice). Moreover, White has not alleged that Ogbeide ignored, delayed, or acted in reckless disregard of White's depression—the only serious medical condition the Court can glean from White's complaint, *see Elkins v. Schmidt*, No. 3:18-CV-00203-SMY, 2020 WL 4673147, at *6 (S.D. Ill. Aug. 12, 2020) ("Defendants do not dispute that Plaintiff's mental health needs presented an objectively serious medical condition.")—by prescribing him Remeron. To the contrary, White's complaint demonstrates that Ogbeide checked in on White's medication and prescribed him something new almost immediately upon hearing his complaints. *See Smith v. Kapotas*, No. 18 C 4260, 2020 WL 553619, at *5 (N.D. Ill. Feb. 4, 2020) ("A pretrial detainee is not entitled to the treatment of his choice, nor may he state a constitutional claim merely by second-guessing a medical provider's professional judgment."). As pleaded, White's allegations do not suffice to state a constitutional claim for inadequate medical care. *See Davis v. Hartley*, No. 423CV00031TWPKMB, 2023 WL 4662739, at *1 (S.D. Ind. July 20, 2023) (allegations that defendant provided plaintiff with the incorrect medication on a single occasion, causing him to suffer adverse side effects, did not "give rise to a reasonable inference that Officer Hartley's isolated mistake was anything more than inadvertent negligence"); *Thomas v. Doe*, No. 20-CV-1080-BBC, 2021 WL 1080242, at *1–2 (W.D. Wis. Mar. 18, 2021) ("It may be that plaintiff thinks defendants should have provided relief for his side effects, or that defendants should have prescribed an alternative medication. However, plaintiff does not include enough information in his complaint about defendants' treatment decisions for the court to determine whether defendants might have acted unreasonably."); *Leitzke v. Ness*, No. 20-CV-850-JDP, 2020 WL 5943706, at *2 (W.D. Wis. Oct. 7, 2020) (plaintiff's allegation that a doctor prescribed him medication for a bladder problem that caused sexual side effects even after he stopped taking it

---

[1] Contrary to Ogbeide's assertions in his motion to dismiss, "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject *only* to the objective unreasonableness inquiry," and the Court need not consider a defendant's subjective state of mind. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (emphasis added).

"could be the subject of a state-law medical malpractice claim, but not a constitutional claim" because it "at most establishes that [the doctor] was negligent in prescribing this medication").

For the foregoing reasons, the Court dismisses White's complaint without prejudice, with leave to amend. If White chooses to do so, he should consider whether he has, and wishes to pursue, a claim for failure to obtain consent under the Fourteenth Amendment or medical malpractice under state law. Because White did not substantively address any of his claims in his response to Ogbeide's motion to dismiss, the Court, and presumably Ogbeide, cannot be sure whether White intends to bring such claims. The Court strikes the status date set for October 10, 2023 and resets it to November 30, 2023 at 1:30 PM. White should file an amended complaint by October 30, 2023 and the parties should file a joint status report by November 21, 2023.

Date: September 28, 2023                                             /s/   Sara L. Ellis_____